UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROJEAN NEZZIE ELLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:11-CV-535 |
| ) | (VARLAN/GUYTON) |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's Motion For Judgment On The Administrative Record [Doc. 15], and the defendant's Motion For Summary Judgment. [Doc. 16]. Plaintiff Rojean Nezzie Ellis ("Ellis") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

**I.    BACKGROUND**

Ellis was 59 years of age when the ALJ issued the Decision in April, 2011. (Tr. 15, 24). Ellis is a high school graduate. (Tr. 24). She has past work experience as a desk clerk in a state mental health facility (1988-1999), and as a food vendor at Dollywood amusement park (2007- January 4, 2009). (Tr. 25-26, 129). Ellis has a driver's license, and she is able to drive. (Tr. 24).

The Court has considered the medical evidence in the record, the testimony at the hearing, and all other evidence in the record. The medical history of the Plaintiff and the content of the ALJ's Decision have been set forth in the memoranda of the parties, [Doc. 15-1; Doc. 17], are not in dispute, and need not be repeated here.

**II.    DISABILITY ELIGIBILITY**

To qualify for SSI benefits, plaintiff must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.202. An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. See 42 U.S.C. § 1382(a).

"Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if the person's physical or mental impairment or impairments are of such severity that the person is not only unable to do the person's previous work but cannot, considering age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which the person lives, or whether a specific job vacancy exists for the person, or whether the person would be hired if the person applied for work. 42 U.S.C. § 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiff bears the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

**III.  STANDARD OF REVIEW**

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d

3

270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and the ALJ's findings are supported by substantial evidence in the record, the decision is conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (quotation omitted); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Walters, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

4

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." Wilson, 378 F.3d at 546-47.  Thus, an ALJ's procedural error is harmless if the ultimate decision was supported by substantial evidence *and* the error did not deprive the claimant of an important benefit or safeguard. See id. at 547.

On review, Plaintiff bears the burden of proving entitlement to benefits. Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

## IV.   POSITIONS OF THE PARTIES

Ellis alleges that she has been disabled and unable to work since January 4, 2009, the last day that she worked as a food vendor at Dollywood. (Tr. 6-7, 128).  She states that chronic pain and stiffness in her neck (due to degenerative disc disease) and right arm is too severe for her to be able to work, and also that standing for long periods is too painful in her left ankle. (Tr. 26-31; 134-137). Her left ankle pain began in 1991 due to a car accident. (Tr. 136).  Ellis testified that her typical day is to stay around the house, read, watch movies, clean dishes, lay down a lot, do housework, and attend church. (Tr. 32).  She also visits with her grandchildren, by driving to their house about four miles away. (Tr. 135-137).  Ellis takes prescription medication to relieve the pain. (Tr. 35, 134).

The ALJ found a residual functional capacity (RFC) to "perform the full range of medium work." (Tr. 13).  The ALJ found a severe impairment of degenerative disc disease.  Based on this

5

RFC, the ALJ found that Ellis was capable of performing her past relevant work as a service clerk, which is classified as light exertion, semi-skilled work. (Tr. 14).

Ellis argues that the ALJ failed to consider all of her severe impairments (not just the degenerative disc disease); failed to consider a Function Report-Adult-Third Party from the Plaintiff's daughter (Tr. 183-190); failed to properly evaluate the credibility of Plaintiff's statements; failed to obtain the testimony of a vocational expert; and failed to make a RFC finding consistent with the medical evidence. [Docs. 15-1, 20].

The Commissioner asserts that substantial evidence supports the RFC found by the ALJ, and the ALJ's conclusion of not disabled. The Commissioner argues that there was no need to find more than one severe impairment; that the statements by the Plaintiff's daughter were merely cumulative; that the credibility findings were appropriate; that there was no requirement, or need, for vocational expert testimony; and that the RFC finding is supported by the record.

V.  ANALYSIS

(A)  Ellis contends that the ALJ should have found she had numerous severe impairments in addition to degenerative disc disease. The ALJ, however, found at step two of the sequential evaluation process that Ellis, through her date last insured of March 31, 2009, had a severe impairment of degenerative disc disease. (Tr. 12). Accordingly, the ALJ found in Plaintiff's favor at step two and proceeded through step four of the sequential evaluation process. (Tr. 13-14). Therefore, the Court agrees with the Commissioner that the specific impairment the ALJ noted in her step two finding, and whether other impairments could possibly have been considered severe,

is irrelevant. <u>Maziarz v. Sec'y of Health & Human Servs.</u>, 837 F.2d 240, 244 (6th Cir. 1987); <u>see also</u> <u>McGlothin v. Comm'r of Soc. Sec.</u>, 299 F. App'x 516, 522 (6th Cir. 2008) (noting it was "legally irrelevant" that ALJ found some impairments not severe because ALJ found claimant had severe impairments and completed evaluation process). Accordingly, any alleged failure by the ALJ to find an additional severe impairment at step two is harmless, because at step four the ALJ must determine the Plaintiff's RFC by considering all limitations from all of the Plaintiff's impairments, including those that are not severe. 20 C.F.R. § 404.1520(e) and § 404.1545.

(B)   Plaintiff argues that the ALJ should have specifically discussed a third party report from her daughter. (Tr. 183-190). Plaintiff's daughter, however, did not complete the form until nearly a year after Plaintiff's date last insured. (Tr. 183, 190). The report was not relevant to the period considered by the ALJ. Moreover, the Court agrees with the Commissioner that the statements from Plaintiff's daughter are basically cumulative, and like impairment allegations made by Ellis, are unsupported by the medical and other evidence. Therefore, the ALJ was not required to specifically discuss the statements from Plaintiff's daughter. Although some comment on the statement by the ALJ might have at least removed the statement as an issue, a remand would serve no practical purpose, would not alter the ALJ's findings, and would be a waste of judicial and administrative resources. <u>See</u> <u>Shinseki v. Sanders</u>, 556 U.S. 396, 129 S. Ct. 1696, 1706 (2009) ("the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination"); <u>Maloney v. Comm'r of Soc. Sec.</u>, No. 10–2583, 2012 WL 1676683, at *5 (6th Cir. May 15, 2012) (even if ALJ erroneously disregards lay witness's testimony, error is harmless if no reasonable ALJ could have reached a different disability determination).

(C) Contrary to Plaintiff's contentions, the Court finds that the ALJ properly considered Plaintiff's subjective complaints of disabling symptoms. Ellis alleges disability based on her subjective complaints. Therefore, she must present objective medical evidence of an underlying medical condition. If a medically determinable condition exists, the ALJ must decide if the objective medical evidence confirms the severity of the alleged symptoms arising from the condition or if the condition is of such severity that it could reasonably be expected to give rise to the alleged symptoms. "The absence of sufficient objective medical evidence makes credibility a particularly relevant issue, and in such circumstances, this court will generally defer to the Commissioner's assessment when it is supported by an adequate basis." Walters, 127 F.3d at 531.

Substantial evidence supports the ALJ's finding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms during the relevant period were not credible. (Tr. 14). Although Plaintiff had numerous complaints, she failed to provide objective medical evidence confirming the severity of her alleged symptoms during the relevant period, and the record as a whole does not indicate her condition was of disabling severity on or before her date last insured of March 31, 2009.

The Court agrees with the Commissioner that the record is devoid of medical records from the relevant period. Moreover, the medical records from before and after the relevant period, as discussed by the ALJ, do not indicate Plaintiff's condition during the relevant period was as limiting as she claimed. (Tr. 12-14). Examinations and diagnostic studies, including those performed well after Plaintiff's date last insured, did not reveal findings to support Plaintiff's allegations of disabling limitations during the relevant period. (Tr. 14, 215, 227-44, 317-18, 341-49, 361-423). The

objective medical findings do not support Plaintiff's allegations of disabling limitations on or before March 31, 2009, and instead provide substantial evidence to support the ALJ's finding that Plaintiff's allegations were not credible.

Plaintiff's lack of treatment during the relevant period and her conservative treatment shortly before and after the relevant period also undermines her allegations of disabling limitations during the relevant period. The ALJ also correctly noted that no examining or treating physicians indicated that Ellis was disabled or even had limitations, which provides further evidence to support the ALJ's credibility finding and assessment of Plaintiff's RFC. See Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 596 (6th Cir. 2005).

Significant deference is given to an ALJ's finding on credibility. Cruse v. Comm'r of Soc. Sec., 502 F.3d 532, 542 (6th Cir. 2007). "[A]n ALJ's credibility determination about the claimant are to be given great weight. . .".

Given the evidence of record, substantial evidence supports the ALJ's finding that Plaintiff's allegations were not credible and the ALJ's finding that Plaintiff could perform medium work prior to the expiration of her insured status.

(D) Plaintiff argues that the ALJ should have obtained testimony from the vocational expert to determine if she could perform her past relevant work. An ALJ, however, is not required to obtain testimony from the vocation expert to decide whether a claimant can perform her past relevant work. Wright-Hines v. Comm'r of Soc. Sec., 597 F.3d 392, 395 (6th Cir. 2010). And since the ALJ found Ellis could perform her past relevant work, the ALJ did not need to proceed to step five of the sequential evaluation process to consider whether Plaintiff could perform other work.

9

Case 3:11-cv-00535-TAV-HBG   Document 21   Filed 10/04/12   Page 9 of 11   PageID #: 103

Thus, the ALJ properly did not consider the Medical-Vocational Guidelines. (Tr. 14). See 20 C.F.R. § 404.1520(a)(4)(iv), (a)(4)(v). This alleged error by the ALJ is without merit.

(E) After properly assessing Plaintiff's RFC, the ALJ had to determine if Plaintiff could perform her past relevant work during the relevant period. (Tr. 11). See 20 C.F.R. § 404.1520(a)(4)(iv). A claimant bears the burden of proving she cannot perform her past relevant work either as she performed the job or as the job is generally performed in the national economy. Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987). As the ALJ properly noted, Plaintiff's past relevant work as a customer service clerk, as she performed the job and as the job is generally performed in the national economy, did not require performance of work related activities precluded by Plaintiff's RFC. (Tr. 14, 25-26, 128-29, 140-47). See U.S. Dep't of Labor, Dictionary of Occupational Titles (DOT) § 299.367-010, 1991 WL 672630 (4th ed. 1991). An ALJ may rely on a claimant's own description of her work to determine the demands of the job as she performed the job and on the DOT to determine the demands of a claimant's past relevant work as it is generally performed in the national economy. See 20 C.F.R. § 404.1560(b)(2); SSR 82-61. Plaintiff's description of her work and the DOT provide substantial evidence to support the ALJ's finding that Plaintiff could perform her past relevant work as a customer service clerk either as she performed the job or as the job is generally performed in the national economy (Tr. 14).

The Court finds that substantial evidence supports the ALJ's evaluation of the evidence of record, in his assessment of Ellis's RFC. The ALJ's discussion of the evidence and the ALJ's discussion of how such findings and the other evidence of record provides substantial evidence to

support the ALJ's conclusion that Ellis's past work is not precluded. The Plaintiff's claims of error are not well taken.

It is **RECOMMENDED** that the Plaintiff's Motion For Judgment On The Administrative Record [Doc. 15] be **DENIED** and that the Defendant's Motion For Summary Judgment [Doc. 16] be **GRANTED**.[1]

Respectfully submitted,

    s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).